6wh307
136 657

[PHILADELPHIA, FEBRUARY 20th, 1841.]

## VAN METER and Others *against* HANKINSON.

### IN ERROR.

By a plan of partition of certain lots between A. and B., under whom both the plaintiffs and defendant claimed, an alley was left open for the accommodation of the several lots. Afterwards, in 1815, A. and B. conveyed to the defendant a lot bounding on the alley, "together with the common use and privilege of the said alley," &c. In 1832 A. conveyed to the plaintiff a lot adjoining that of the defendant, described as bounded by the said alley, "Together with all and singular the streets, alleys, ways," &c.  *Held*, that the plaintiff was entitled to the use of the alley in common with the defendant and others.

ERROR to the District Court for the City and County of Philadel-phia, in which an action on the case was brought by the defendants in error against the plaintiff in error, and a case was stated, which was to be considered in the nature of a special verdict, as follows.

"This is an action on the case brought by the plaintiff against the defendants, for obstructing an alley or right of way and water-course, for the space of fourteen feet, which alley is part of the southern boundary of the plaintiff's premises.

Joseph Jaquett, by indenture dated the 31st day of July, 1832, granted and conveyed to James B. White, under whom the plaintiff claims; and James B. White granted and conveyed unto the plaintiff, in fee, in the following words: " All that certain lot or piece of ground, situate on the west side of Delaware Fourth street, twenty feet in front, and extending that breadth one hundred and nineteen feet seven inches and a half in depth to a twenty feet wide alley; bounded on the south, partly by a messuage and lot of John Patter-son, and partly by a four feet wide alley. Together with all and singular, the streets, alleys, ways, water-courses," &c. in the usual manner.

The defendants have erected, for the space of fourteen feet, over and upon the easternmost end of said four feet alley, where it bounds the above property, a frame building, shutting up said alley to that extent.

The said four feet wide alley was left open, by the plan of partition, between the said Joseph Jaquett and William Bryant and wife, for the accommodation of their estate, which plan is herewith shown, and under whom also the defendant claims.

If the court shall be of opinion, that upon these facts, that the plaintiff has a right to have the said alley kept open, or to the use of the same, then the judgment is to be entered in favour of the plaintiff; if not, in favour of the defendants."

The defendant claimed under certain conveyances not stated in the case, but copies of which were produced on the argument in this court.

The lot on Fourth street, belonging to the defendant, and adjoining the plaintiff's lot, was conveyed to John Patterson by Rachel Jaquett and Joseph Jaquett, by indenture dated the 30th of May, 1815, by the following description.

" A certain lot or piece of ground, situate on the west side of Fourth street, at the distance of eighty-eight feet northward from the corner of the said Fourth street and Poplar lane, in the Northern Liberties, containing in breadth or front on the said Fourth street, eighteen feet; and in length or depth extending thence westward, keeping the same width at right angles with the said Fourth street, sixty-six feet eleven inches and a half; bounded northward and southward by other ground of the said Rachel and Joseph Jaquett, westward partly by another lot granted or intended to be granted to the said John Patterson, and partly by the end of a four feet wide alley, leading westward into a twenty feet wide alley, which extends from Poplar lane northward and eastward by the said Fourth street; being part of a lot of ground which Joseph Piper, late of the said Northern Liberties, deceased, by his last will and testament, bearing date the 22d of September, A. D., 1803, devised to his two grandchildren, the said Rachel and Joseph Jaquett, children of his late daughter, Mary Jaquett, deceased, and to their heirs and assigns, in equal parts as tenants in common; together with the common use and privilege of the said four feet and twenty feet wide alleys respectively, and together with all and singular, the ways, waters, water-courses, rights, members, liberties, privileges, heriditaments, and appurtenances whatsoever thereunto belonging, and the reversions, remainders, rents, issues, and profits thereof," &c.

The lot on Poplar lane belonging to the defendant, and adjoining to the four feet wide alley, was conveyed to John Patterson by Joseph

Loughead and wife, by indenture dated the 2d of June, 1835, by the following description.

" All that certain piece of ground situate in the Northern Liberties, beginning at a point or corner of ground of the said John Patterson, at the distance of forty-six feet six inches and one quarter of an inch from the north-easterly side of Poplar lane, and also at the distance of sixty-six inches and a half from the west side of Delaware Fourth street; thence south-westward at right angles with the said Poplar lane four feet six inches and a quarter, to the middle of the partition wall of a certain privy, as the same is erected on the said lot and the adjoining ground of the said Joseph Loughead;. thence north-westwardly, parallel with the said Poplar lane, fifteen feet three inches, to an alley two feet nine inches wide, (which said alley leads north-eastwardly, and communicates with another alley four feet wide, which runs east and west into and from a twenty feet wide alley leading into the said Poplar lane;) thence along the south-eastwardly side of the said two feet nine inches wide alley, thirteen feet more or less to the southwardly line or side of the said four feet wide alley; thence along the same at right angles with the said Fourth street, eleven feet to the said ground of John Patterson; thence along the same southward, parallel with the said Fourth street, fourteen feet to the place of beginning : together with the common use and privilege of the said privy, and the well underneath the same, as the same are erected and sunk at all times hereafter forever; and together with the free and common use, right, liberty, and privilege of the three above-mentioned alleys at all times respectively, at all times hereafter forever : and together also with all and singular, the buildings, improvements, ways, alleys, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining, and the remainders, reversions, rents, issues, and profits thereof," &c.

The District Court gave judgment for the plaintiff on this case stated; whereupon the defendant took this writ of error and assigned the following errors.

" The court erred in rendering judgment in favour of the plaintiff.

1. Because the plaintiff, by his own showing, never had conveyed to him any right to use the alley in question.

2. Because the plan of partition referred to showed the alley to have been opened for the use of the lot of the defendants and the other lot holders, but not of this plaintiff.

3. Because the plaintiff had only a boundary upon part of this. alley, which neither gave a right of way nor water-course.

4. Because the plaintiff sustained no damage from the act of the defendants.

5. Because describing a lot as bounding upon an alley does not, in law, convey, without express words, the right to the use of the alley."

Mr. *Jack* for the plaintiff in error, cited *Jackson* v. *Hathaway,* (15 *Johns.* 447.)  *Wyman* v. *Mayor, &c.* (11 *Wend.* 502.)  *Grant* v. *Chace,* (17 *Mass. Rep.* 443.)  *Jackson* v. *Striker,* (1 *Johns. Cas.* 284.)  *Hob.* 161.  *Howell* v. *M'Coy,* (3 *Rawle,* 271.)

Mr. *Kennedy* having cited *Shepherd* v. *Watson,* (1 *Watts,* 35.) *Kirkham* v. *Sharp,* (1 *Wharton's Rep.* 323.)  *Hill* v. *West,* (4 *Yeates,* 153.)  *Blaines* v. *Chambers,* (1 *Serg. & Rawle,* 172.)  *Hall* v. *Benner,* (1 *Penn. Rep.* 411.)  *Stiles* v. *Curtis,* (4 *Day,* 338.)  *Peck* v. *Smith,* (1 *Conn. Rep.* 146.)  3 *Kent's Com.* 432 ; was stopped by the court.

The opinion of the court was delivered by

SERGEANT, J.—It is unimportant whether the soil of the alley passed to the plaintiff by his deeds.  It is sufficient if he obtained a right to the use of the alley.  His deed conveys to him the lot, describing it, together with all and singular, the streets, alleys, ways, watercourses, &c. in the usual manner.  This would carry the right to the use of the alley, though not particularly described, if it were laid out for the accommodation of this lot as well as others, and if Jaquett retained the right to convey it to the plaintiff.  That it was laid out for the accommodation of the estate by the plan of partition, and that the plaintiff's lot was a part of the estate, is admitted, and so stated in the case.  That Jaquett had never precluded himself from granting it by any prior conveyance to others is clear from the deeds, under which the defendant, and others situated like him, claim ; for they obtained from Jaquett merely a right to the common use and privilege of the alley; not restricted to them alone, but generally.  This must be construed as a gift to them of the right conformably to the plan of partition; according to which the plaintiff's lot needed the accommodation of this alley for many purposes that might be suggested, and it therefore passed by the sweeping clause in the deed to the plaintiff.  This case is very loosely and imperfectly stated ; and a portion of the argument for the plaintiff in error is founded on deeds not mentioned in it.  It seems to us that there was no error in the court below in giving judgment for the plaintiff.

Judgment affirmed.