## Ott *versus* Kreiter.

1. When a deed calls for a public road as a boundary, the grantee is entitled to hold to the middle of that road.

2. A. conveyed to B. the "whole" of a lot described as fronting on a then existing street, although the same had been declared vacated by an Act of Assembly. *Held:* that, as the road had never been closed up, B. took title to the middle of the road.

3. Another street having been run diagonally across the street declared to be vacated as above, a small wedge-shaped lot was left in front of the property conveyed to B., being a portion of the street vacated. A. subsequently conveyed this street to C., who brought ejectment against B. for the same. B. testified that he examined the property with A. before purchasing, when A. told him the land in dispute was to go with the lot. It was not, however, included in the deed. A. also testified that he did not know whether he had any title to the land conveyed to C., but that he gave him such title as he had :

*Held :* (1) That A.'s declaration to B. made the piece in dispute appurtenant to the land conveyed to B. (2) That A.'s deed to B. professed to convey the whole of the premises vested in him and, as A.'s title extended to the middle of the street, B. took the same property. (3) Even had the fee to this property not been conveyed to B. by the deed, yet by legal implication arising from the situation of the property and the obvious intention of the parties, the street must be regarded as appurtenant to the premises granted, as otherwise it would have no means of ingress and egress for the house thereon erected.

June 1st, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Dauphin county :* Of May Term 1885, No. 3.

Ejectment by Fred. M. Ott against J. Monroe Kreiter to recover a small plot of ground in the city of Harrisburg, described in the writ as follows : Beginning at a point on the corner of Herr street and the old Millerstown turnpike or Second street, one hundred and fifty feet in a westerly di-

[Ott v. Kreiter.]

rection from Smith alley, thence along the line of old Second street and the line of land owned by J. M. Kreiter in a south-easternly direction sixty feet to a point on lot late of Malvina Ingram, thence along said lot in a southernly direction twenty-three feet to the centre of old Second street, thence in a north-westernly direction seventy-two feet to Herr street, thence along Herr street eight feet to the place of beginning. Being the land that accrued to A. C. Smith as the owner of lot on the corner of Herr street and old Second street by reason of the vacating of old Second street.

On the trial it was agreed that a valid title to the property in dispute had been in A. C. Smith, through whom both parties claimed.

Plaintiff showed the following title: A deed from A. C. Smith to Lyman D. Gilbert, dated October 7th, 1882, for the land as above described, also a deed from Gilbert to himself for the same land, dated May 25th, 1883.

Plaintiff then gave in evidence the Act of April 9th, 1869, (P. L. 771,) which was the Act incorporating the city of Harrisburg. By the second section of this Act, commissioners were appointed, whose duty, *inter alia*, was to lay out new streets and vacate old streets in the city of Harrisburg, in order to make the streets more regular, and to report the proposed changes.

Plaintiff further offered in evidence the Act of June 2d, 1871, (P. L., 1556,) being a supplement to the above Act, whereby certain streets designated by the said commissioners were declared vacated. Among these steects was Millerstown turnpike or old Second street.

The abandonment of this street and the establishment of Front street, which ran diagonally across the street thus declared to be vacated, left a certain wedge-shaped piece of ground in front of property conveyed by Smith to J. M. Kreiter, the defendant, and this is the land in dispute.

Plaintiff offered in evidence a plan, of which the diagram on p. 372 is substantially a copy.

The piece marked "A" shows the land in dispute.

The defendant, Kreiter, claimed title to this piece of land by virtue of a deed to him from A. C. Smith, dated August 12th, 1881, for a lot of ground on the east side of the Millerstown turnpike or old Second street, by which deed he took title to the centre of the vacated turnpike or street. This deed purported to convey the "whole" of Smith's interest in this land.

Defendant then testified that, before the purchase from Smith, he went upon the ground, and that Smith then pointed out the boundaries of the land he proposed to sell and they included the land in dispute. After this conversation the deed

[Ott *v.* Kreiter.]

HERR STREET.

was drawn by Kreiter following the lines of the old deeds. Smith testified that he had such conversation with Kreiter and that he was willing to "convey him the lot there just as it was." He further testified that when Bigler, who was the agent for Gilbert, came to see him about purchasing the ground in dispute, he told him he had nothing to sell and that subsequently he told him he would give him (Bigley) such title as he had.

Defendant then offered in evidence the record of an amicable action in ejectment between Sarah Bigler and Kreiter for the portion of the ground in dispute directly in front of Sarah Bigler's property which adjoined that of Kreiter, in which case Gilbert, through whom plaintiff claims, was counsel, and in the case stated it was agreed that Kreiter had a valid title to all that was vacated to the centre of old Second street.

This offer was admitted for the purpose of showing notice to Gilbert, but not as an admission. (See report of this case, with plan, Kreiter *v.* Bigler, 5 Outerbridge, 94.)

Plaintiff gave in evidence in rebuttal a deed from J. M. Wiestling, dated February 15th, 1867, "for the purpose of showing the location of one of the lines in Smith to Kreiter, the deed from Smith to Kreiter declaring that it includes all the land conveyed by Wiestling to Smith—the deed referred to in Kreiter's deed, and we refer to it here for the purpose of

[Ott v. Kreiter.]]

getting the boundary in it, and particularly locating the line which is the line of Kreiter's land."

Plaintiff requested the court to charge, *inter alia*, as follows :

2. The Harrisburg and Millerstown turnpike, or old Second street, was vacated in 1871 ; by that vacation, A. C. Smith, the then owner of the abutting lot at corner of old Second street and Herr street, became the absolute owner of one half of the ground over which the vacated highway had extended, unencumbered by any public or other easement; could dispose thereof to any person to whom he desired, and the deed of A. C. Smith to J. M. Kreiter, dated August 12th, 1881, is to be read and construed with reference to this fact and the law arising therefrom.

*Answer.* This point is not correct as a matter of fact.  Part of the Millerstown turnpike only was vacated, and the title to that part is to be determined by the proper construction of the deed from A. C. Smith to Kreiter, as we have instructed you in the general charge.  (First assignment of error.)

4. The deed from A. C. Smith to J. M. Kreiter designated as the terminus of the first boundary line named therein the Harrisburg and Millerstown turnpike or old Second street, stating distinctly that said line runs to said pike or street. The said pike or street is a monument, and the said first boundary line named in said deed runs only to the margin of said street, and does not extend beyond it; and all the land which had previously reverted to the said A. C. Smith by reason of the vacation of said pike or street is, by the terms of said deed to Kreiter, excluded from the grant to Kreiter, and does not pass to said Kreiter by said deed.

*Answer.* This point is refused.  (Second assignment of error.)

5. The second boundary line named in said deed of Smith to Kreiter terminates at a point on lot of J. M. Wiestling; the said deed describes the land conveyed thereby as covering all the land previously conveyed by said Wiestling to said Smith, and the point above referred to as the terminus of the second boundary line is the corner of the lot or ground previously conveyed by Wiestling to Smith, and that this is the true construction is apparent from the fact that his corner is the only point on said Wiestling's lot from which the third line of said deed can run parallel with Herr street so as to conform to the line given in the deed of Wiestling to Smith.

*Answer.* This point is really an argument, or an argumentative point.  We decline to affirm it.  (Third assignment of error.)

The court charged the jury, *inter alia*, as follows : We come, however, to the deed itself, and the construction of the lan-

guage of the deed is for the court. The deed begins at a
point on Herr street thirty feet westwardly of Smith alley;
thence along Herr street one hundred and twenty feet, more
or less, to the Harrisburg and Millerstown turnpike, or, as it
otherwise describes it, being the old Second street; and thence
along said turnpike sixty feet, more or less, to a point. This
deed begins then at a point back from the street one hundred
and twenty feet, more or less, and it runs until it calls for the
Millerstown pike.  This description follows the description of
the older deeds that were drawn before the Millerstown turn-
pike had been vacated, and it is admitted that the line one
hundred and twenty feet would have run to the outside line
of the Millerstown turnpike, and then, by the operation of
law, we say it would have gone to the middle of the turnpike;
but when this deed was drawn six feet of that, at that point,
had been declared by the legislature to be vacant.  Whether
it was vacant upon the ground or not we do not know, as it
has not been shown in this case; but the plaintiff says the
legislature had then vacated it, and that this call for the Mill-
erstown turnpike would not carry the line to the centre of
the turnpike, because the six feet having been vacated, and
the turnpike having been therefore removed so much further
away, the one hundred and twenty feet would not reach to its
outer edge, and hence the line could not be extended by oper-
ation of law to its centre.  The turnpike, however, was still
there on the ground; the greater part of it was a public street;
it may have been called by another name—that has not been
shown—it may, in common parlance, still be called the Millers-
town turnpike.  It has not been shown or stated that, before
the grant, the Millerstown turnpike was not still there, al-
though the outside line at that point had been changed six
feet—in legal contemplation at least.  We say that makes no
difference.  This calls to go to the Millerstown turnpike, and
it is one hundred and twenty feet, more or less.  It therefore
reached the Millerstown turnpike as it was then upon the
ground, and when it did, it ran to the middle of it.

When we strike the middle of that turnpike, then the next
difficulty is, thence along said street, or turnpike, sixty feet,
more or less, to a point on a lot of J. M. Wiestling.  We
say, then, that the line ran down the middle of the turnpike.
It is argued by the plaintiff that this could not be, because at
that point it calls to strike the line of J. M. Wiestling, and it
goes on to describe the line of J. M. Wiestling as being paral-
lel with Herr street, whereas it is shown by the draft that
from the middle of the turnpike, to the outside line of the
turnpike, the line does not run parallel with Herr street.
That is an argument, it is not a legal proposition.  It is an

[Ott v. Kreiter.]

argument, and we say it is not a conclusive argument. It is advanced here, and it is put in a point as though it were a legal proposition. The conveyance made by Mr. Wiestling to Smith, which is referred to here, does call for a point at the outer edge of the Millerstown turnpike; but the line of Mr. Wiestling's property, just the same as the line of all the others, would run to the middle of the street; and it is in consequence of a decision of the Supreme Court, establishing the direction in which the line runs from the outer edge of the street to the middle of it, that that line does not run parallel with Herr street. Nevertheless, coming down the middle of the turnpike the line does strike Mr. Wiestling's line, and then it runs parallel to Herr street; or, it runs to the outer line of the original turnpike in the direction declared by the Supreme Court in another case, and there it strikes a line established by Mr. Wiestling in the conveyance by him previously to A. C. Smith, and from that point it runs parallel with Herr street; and the fact that it does run parallel to Herr street from the middle to the outside of the street is of no consequence. It is admitted on all sides that the deeds do not contain the half of the street, neither in their length, nor in their direction. They do not purport to contain the half of the street; it did not purport to be included within the lines of the survey, or of the description, or of a survey that would be made from the description; but the lines as made in the description are to be extended by operation of law; and, therefore, that argument cannot control. The line, then, in legal contemplation passes down the middle of the turnpike until it comes to Mr. Wiestling's line, and it then runs by the direction established by the decision of the Supreme Court until it strikes the outer edge of the turnpike, and then it follows the line established by Mr. Wiestling when he changed, or straightened, the line so extended around; and the result of it all is that we instruct you that the description of this deed of the 12th day of August, 1881, from Mr. Smith and wife to Kreiter, did convey this part of this street, and that therefore Mr. Smith had nothing to convey when he made his deed to Gilbert, and therefore Mr. Gilbert had nothing to convey when he made his deed to Ott, and therefore the plaintiff has no case.

Verdict for defendant and judgment thereon. Plaintiff then took this writ, assigning for error the refusal of the points and the charge as above quoted.

*Samuel J. M. McCarrell* (*David Fleming* with him), for plaintiff in error.—The vacation of the turnpike, or old Second street, was an accomplished fact from the moment of the

approval of the Act of January 2d, 1871. This vacation then became immediately operative, and all the legal incidents of this vacation immediately ensued. That these incidents, or consequences, are correctly stated in our second point, we respectfully contend is too plain to admit of argument. The fact of the vacation was clearly admitted upon the drafts submitted by both parties, and herewith printed; and we earnestly, but respectfully, contend that the learned judge erred in not declaring the fact to be as thus shown by the law.

Had it not been for this conclusion the learned judge would not have applied to this case the principles laid down in Paul v. Carver, 2 Casey, 223; Cox v. Freedley, 9 Id., 124, and other kindred decisions. These decisions, we respectfully submit, have no application here.

It is only when there is an existing highway, that a grant is presumed to extend beyond the limits designated: Union Burial Ground Society v. Robinson, 5 Wh., 18; Spackman v. Steidel, 7 Nor., 458.

Kreiter is therefore estopped from claiming this land as against Ott, who had no other notice than that given by the recorded deed, couched in Kreiter's own language.

The language of the deed from Smith to Kreiter is alone to be considered in determining the intention of the parties and the extent of the grant: McWilliams v. Martin, 12 S. & R., 269; Schenley v. City, 8 Out., 472.

J. C. McAlarney, for defendant in error.—There was no question in Smith's mind as to the extent of his conveyance to Kreiter; he notified Gilbert's agent, when he proposed to buy, that he had nothing to sell.

It is the intention of the parties that govern a case like this, and it may be gathered from the deed and the localities and subject matter to which it applies: Webber v. East. R. Co., 2 Met., 151; Bradford v. Cressey, 45 Maine, 9; Sibley v. Holden, 10 Pick., 249; Paul v. Carver, 2 Casey, 226; Roberts v. Wilcock, 8 W. & S., 469; Tyler on Boundaries, 110. Hence under a grant of a thing, whatever is parcel of it and necessary to its beneficial use, or in common intendment included in it, passes to the grantee: Whitney v. Olney, 3 Mason, 280.

Parol evidence is admissible to show boundary line agreed to by the parties, notwithstanding the language of the deed: Gertzer v. Kammerer, 36 Leg. Int., 392.

That the land in dispute was appurtenant to the house erected on Kreiter's lot scarcely admits of a doubt, as they were occupied together. The house was useless as a house without it. Land may be considered appurtenant to a house

[Ott *v.* Kreiter].

where they have been occupied together: Hill *v.* West, 4 Yeates, 142; Lazaretto Road, 1 Ashmead, 417.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

As both plaintiff and defendant claim title to the land in controversy from A. C. Smith, as their common grantor, we have but to consider the effect of the conveyance to Kreiter, of the 12th of August, 1881. For, as the learned judge of the court below well said, if Smith, at that time, conveyed the disputed strip of land to the defendant, he had nothing which he could afterwards convey to Gilbert or any one else. There is no dispute about the fact that the deed of Wiestling and wife, of the 15th of February, 1867, vested in Smith the land in suit, though, in fact, the description as found in that deed would only carry the lot thus conveyed to the eastern line of the Millerstown turnpike road, and to a point on the southern end of that line between Wiestling and Smith. As, however, the call is for the public road above named, according to the doctrine, as held in the cases of Paul *v.* Carver, 2 Ca., 223, and Cox *v.* Freedley, 9 Ca., 124, Smith was entitled to hold to the middle of that road.

The question then is, why has not Kreiter the right to claim the same boundary as did his grantor? The description in the two deeds is substantially the same. The defendant's conveyance calls for the Millerstown turnpike, or old Second street; the house which Smith sold with the lot is flush with that street and has its pavement upon it, hence the street is necessarily appurtenant to the premises, absolutely required for the proper enjoyment of the property, and that Smith intended that the line of the lot should extend to the east side of the present Front street, he himself admits. What then is the difficulty, and why is Kreiter to be deprived of an important easement which was there when he bought; which is called for by his deed, and of which he has had the possession from the time of his purchase until the present period? How does it come that this little wedge-shaped strip, part of the road on which the house was built, remained in Smith notwithstanding his deed; his act by which it was made appurtenant to the premises, and his declarations to Kreiter that it was so appurtenant, without which it would have been impossible for him to have sold the property? The plaintiff thinks it is a sufficient answer to these questions to state that, at the time of Smith's sale to Kreiter, the eastern part of the Millerstown turnpike road had been vacated, and that hence the line of that road must be taken as the line of Kreiter's purchase, and cannot extend beyond it. This fact might have some force if this

road had, at that time, not only been vacated but closed up, or, as in the case of the Union Burial Ground Society *v.* Robinson, 5 Wh., 18, had never been opened, but neither of these conditions is found in the case; there was the open street on which Smith had built, which was used with the house, and recognized in his deed. Moreover, that deed professed to convey to the defendant the whole of the premises conveyed by Wiestling to Smith, so that if Smith took to the middle of the turnpike so did Kreiter.

But even were the fee not thus conveyed, the adjacent street must be regarded as an easement passing with the property, or as an appurtenant necessary for its enjoyment.

Mr Justice MERCUR, in the case of Spackman *v.* Steidel, 7 Norris, 453, holds, that where a street called for as a boundary, is not a public highway, though the grantee does not take a fee to the centre of it, yet he does thereby acquire an easement or right of way therein, and the same doctrine will be found in Van Meter *v.* Hankinson, 6 Wh., 307. Furthermore, it was said, per LEWIS, Chief Justice, in Paul *v.* Carver, when speaking of the rights of grantees in the adjacent ways and streets, that the intent of the parties as disclosed by the whole scope of the conveyance, and the nature of the property granted, must be the controlling rule.

Thus, where a mill is granted, the water-power goes with it as a necessary appurtenance, and so also, as in Swartz *v.* Swartz, 4 Barr, 353, the grant of a saw mill with the appurtanances, was held to convey not only the water-power by which the mill was driven, but also the land covered by the water. Conceding, then, that Kreiter has not a fee in the land in suit by virtue of the express words of the deed, yet by legal implication he has the right to the use of the street, as a street, by virtue of the call in that deed, and he may also claim the fee by like legal implication arising from the situation of the property, and the obvious intention of the parties; in other words the street must be regarded as appurtenant to the premises granted.

The judgment of the court below is affirmed.