# Clymer *v.* Roberts, Appellant.

*Deed—Boundaries—Street as boundary line—Easement.*

Where a deed describes the property conveyed as extending "to the middle line of Howard Street (50 feet wide); thence along the middle line of said Howard Street," and it appears that Howard street at the date of the deed was not an open street, nor plotted on the city plan, the grantee takes a fee to one-half of the street, with an easement over the ground of the other half of the street which entitles him to prevent any obstruction of, or the erection of any buildings upon, such street.

*Appeals—Assignments of error—Equity—Final decree.*

On an appeal from a decree in equity, the specifications of error are defective if the final decree of the court below is not assigned for error.

Argued Jan. 6, 1908. Appeal, No. 130, Jan. T., 1907, by defendants, from decree of C. P. No. 3, Phila. Co., June T., 1905, No. 4,882, dismissing exceptions to adjudication in case of Evan M. Clymer et al. v. Joseph F. Roberts et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to restrain the construction of a building in the bed of Howard street. Before VON MOSCHZISKER, J.

In addition to the facts stated in the opinion of the Supreme Court, the court below found as a fact that the portion of Howard street referred to in the deed from Wellens to Ryan was

not at the date of the deed, and was not at the time the bill was filed, and the case tried, an open street, nor was it plotted on the city plan. .The court also found that Howard street south of Fisher avenue was an open street on the city plan at the date of the deed.

The court entered a decree in favor of the plaintiffs. Defendants appealed.

*Errors assigned* were in dismissing various exceptions to the adjudication, quoting the exceptions, but not quoting or specifying as error the final decree of the court.

*John W. Frazier, Jr.*, with him *Bertram G. Frazier*, for appellants.—Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant with the surroundings of the property and the other " res gestæ of the transaction: " Union Burial Ground Society v. Robinson, 5 Wharton, 18 ; Paul v. Carver, 24 Pa. 207 ; Fitzell v. Phila., 211 Pa. 1 ; Neely v. Phila., 212 Pa. 551.

*Jay R. Grier*, with him *John R. Cassel*, for appellee, cited: Transue v. Sell, 105 Pa. 604 ; Paul v. Carver, 26 Pa. 223 ; Cox v. Freedley, 33 Pa. 124 ; Pearl Street, 111 Pa. 565 ; Osterheldt v. Philadelphia, 195 Pa. 355 ; Barnes v. Philadelphia, etc., R. R. Co., 27 Pa. Superior Ct. 84.

Opinion by Mr. Justice Potter, March 2, 1908 :

The specifications of error in this appeal are defective, in that the final decree of the court below is not assigned for error : Watkins v. Hughes, 206 Pa. 526 ; Kenworthy v. Trust Co., 218 Pa. 286. The question here raised is whether the language of the deed from Wellens to Ryan, by which the property was described as extending " to the. middle line of Howard street (50 feet wide) ; thence along the middle line of said Howard street," vested in the grantee and his successors in title, the right to the use of Howard street as an open highway, and entitled them to prevent any obstruction of, or the erection of buildings upon, such street. The learned

judge of the court below has with great care and accuracy collected and considered the cases bearing upon the question involved, and has drawn from them the correct rule. Under the authorities cited, and from others which might be added, it is clear that if the boundary given in appellee's deed had been merely " Howard street, 50 feet wide," he would have taken an easement in an unopened street of that width to the eastward of the land conveyed to him. In Grier v. Sampson, 27 Pa. 183 (190) this court said : " A conveyance of land bounded by a road or street, gives the grantee a title to the middle of the road or street, if the grantor owned thereto ; and in the absence of title papers we are to presume that a lot bounded by a street extended to the middle of it." And in Spackman v. Steidel, 88 Pa. 453, Justice MERCUR said : " It is settled law in this state that when a public street or highway is called for as a boundary in a deed, the grantee takes title in fee to the middle of the street, if the grantor had title to it, and did not expressly or by clear implication reserve it. Where the street called for as a boundary is not a public highway, nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way only over the lands." This was followed in Ott v. Kreiter, 110 Pa. 370, where Justice GORDON said (p. 378) : " Where a street called for as a boundary, is not a public highway, though the grantee does not take a fee to the center of it, yet he does thereby acquire an easement, or right of way therein." And it was again followed in Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1, where RICE, P. J., after quoting the above language of Justice MERCUR, said (p. 4) : " There is in such a case, it has been said, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it."

In Gamble v. Philadelphia, 162 Pa. 413, a grantor had conveyed land as bounded by an unopened street. Justice GREEN, referring to the rights of the grantees, said (p. 421) : " Beyond all question they had a right of free passage over the street, and it could not possibly be occupied by buildings, either as against the city or the plaintiff's grantees. It was of no use

to theorize about the value of the ground as building lots, since it could not lawfully be used for any such purpose."

In Cole v. Philadelphia, 199 Pa. 464, we said (p. 465) : " The property in question was described as bounded by the line of Fifty-fifth street, which at that time was plotted, but unopened. Under the rule of law settled in Gamble v. Phila., 162 Pa. 413, and Whitaker v. Phœnixville Borough, 141 Pa. 327, the appellant took title in fee to the land, as bounded by the street, and an easement only, over the bed of the unopened street."

It is contended here by counsel for appellant, that by making the middle line of Howard street the boundary, instead of the side line, an intention is disclosed to vest the fee to one-half the street in the grantee, without conveying any easement in the remaining half: This suggestion does not commend itself to us. As the trial judge well says, if the intention had been to convey to a definite point in total disregard of the street, why should any mention of Howard street have been made ? If the street was not to be preserved, the eastern boundary could just as well have been defined as a course extending from Fisher avenue southwardly to Wellens street. Still less would there have been any reason for describing Howard street, as fifty feet wide. The fact that Howard street was referred to as the boundary, impresses us with the thought that the grantor intended that such a street should be opened, and that the grantee should have the rights of an abutting owner thereon. This conclusion is strengthened by the fact that the proposed street would, when opened be an extension of Howard street, as already opened to the north of Fisher avenue. As a conveyance, by a description bounding the property by Howard street, would, if such street had been opened, have conveyed the fee in the bed of the street as far as the center line, to the grantee, with an easement in the remaining half, we are of opinion that the use of the words " to the middle line of " really added nothing to the interest which would have been given by a conveyance bounded by the street, had it been opened ; nor would it have lessened in any way the degree of any such conveyance. But as a matter of fact, it appears that Howard street was not an opened public street. Under the authority, therefore, of Spackman

v. Steidel, 88 Pa. 453 ; Ott v. Kreiter, 110 Pa. 370 ; Gamble
v. Phila., 162 Pa. 413, and Cole v. Phila., 199 Pa. 464, the
grantee under a deed calling for the street, or the side of the
street as a boundary, would have taken the fee only to the
side line of the street, with an easement over its bed, fifty
feet wide. The purpose, therefore, in making the boundary
in the present case, to be the " middle line " of the street, was
seemingly to vest the fee in the grantee as far as the center line,
notwithstanding the fact that the street was at the time un-
opened. At any rate, this was the legal effect. The further
intention is also apparent, that the grantee was to have an
easement in the remaining half of the street which was spe-
cifically described as fifty feet in width. The grantee thus hav-
ing an easement over the ground here in question, as we said
in Gamble v. Philadelphia, 162 Pa. 413, " it could not possibly
be occupied by buildings."

The decree of the court below was clearly right, and it is
affirmed, and this appeal is dismissed at the cost of the appel-
lant.