Saccone, Appellant, *v.* West End Trust Company.

*Deed—Boundaries—Alley—Private opened alley.*

1. The rule is the same whether a deed calls for a public highway or opened private alley as a boundary, it passes title to the grantee as against the grantor to the middle line of the alley.

2. Where the owner of land has laid out an alley across one end of it, one side of the alley coinciding with the boundary line of the land, and subsequently sells the land, describing it in his deed as being bounded

by the alley, it is to be presumed, in the absence of an exception of the soil of the alley from the operation of the deed, either in express words or necessarily implied, that the parties intend the title to the soil of the alley to pass to and vest in the buyer.

3. An owner of a tract of land situated on the southwest corner of two intersecting streets divided it into five lots each having a frontage of twenty feet in width on the south side of the street running east and west. The corner lot and the three lots nearest to it were fifty-nine feet in depth and the westernmost lot was sixty-two feet in depth. Each of the first four lots was described in deeds to various grantees as extending " to a three feet wide alley laid out and opened by the grantor for the accommodation of this and other lots adjoining thereto from the street (running north and south) to the depth of eighty feet." The grantor owned no land to the south of said alley. Each of the five deeds contained a grant of "the free use and privilege of the said three feet wide alley as and for a passageway and water course in common with the owners and occupiers of the said adjoining lots." *Held*, that each of the grantees under the deeds for the four lots fifty-nine feet in depth, took a fee simple title to so much of the ground covered by the alley as lay immediately in the rear of the lot he bought, subject to an easement in the owners of the other lots, and that the grantor parted with all his interest in the soil of the alley at that time, and could thereafter make no title to another person for it.

Argued Jan. 20, 1909. Appeal, No. 324, Jan. T., 1908, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 2,937, for defendants on case stated in suit of Albertina Wickersham Saccone et al. by John F. Keator, their guardian, and Mary W. Taffini d'Acceglio v. West End Trust Company and Girard Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated in ejectment to determine title to the bed of an alley in the ninth ward of the city of Philadelphia. Before AUDENRIED, J.

The following plan shows the situation of the alley:

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendants on the case stated.

· *H. Gordon McCouch*, with him *George S. Munson, James McMullan* and *Keator & Johnson*, for appellant.—The question raised by this appeal is the very narrow one of whether where a deed calls for a private alley as a boundary, and the grantor owns the fee thereof, the grantee thereby acquires title to any part of the soil of the alley. It is respectfully submitted that this question has been repeatedly answered in the negative by this court, and that the assignments of error should be sustained: Scholl v. Emerich, 36 Pa. Superior Ct. 404; Spackman v. Steidel, 88 Pa. 453; Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1.

There is not the slightest evidence here that the alley in question was in actual use at the date of these deeds, April 21, 1832; on the contrary, as appears by paragraph 1 of the case stated, there was no physical division of the alley from the property adjoining it on the north prior to the date of such deeds.

This being the case, the lots conveyed by Caldcleugh in 1832 were bounded by a paper alley—plotted, but not actually in existence. No title, therefore, under the decisions· of this court passed to the abutting owners. They acquired an easement only over the bed of the alley, but the fee remained in the grantor: Cole v. Philadelphia, 199 Pa. 464; Clymer v. Roberts, 220 Pa. 162; McNeal v. Rebman, 168 Pa. 109; Gamble v. Philadelphia, 162 Pa. 413.

Even if it be conceded that the plaintiffs as owners of the soil would have no right even to pass over the alley, because it might be interpreted as a diminution of that privacy secured to the grantees of the right of way, yet the legal title to the soil would still be in them, and the grantees of the right of way would have no right to make any use of it, except in the exercise of their easement: Kirkham v. Sharp, 1 Wharton, 323; Barnes v. Railroad Co., 27 Pa. Superior Ct. 84.

*John Hampton Barnes*, for appellees.—The fee of the soil of the alley passed from Caldcleugh on April 21, 1832, to the grantees of the four lots abutting thereon, subject to the right of way in favor of each of the five lots: Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa. 124; Lehigh St., Borough of Easton's Appeal, 81* Pa. 85; Transue v. Sell, 105 Pa. 604; Ott v. Kreiter, 110 Pa. 370; Dobson v. Hohenadel, 148 Pa. 367; Bliem v. Daubenspreck, 169 Pa. 282; Woodward v. Pittsburg, 194 Pa. 193; Neely v. Philadelphia, 212 Pa. 551.

The rule as to highways was applied to property abutting upon a private way or alley, by the Supreme Court of Pennsylvania in the case of Ellis v. American Academy of Music, 120 Pa. 608. See also Schmoele v. Betz, 212 Pa. 32; Haas v. Bergen, 167 Pa. 408; Yeatts v. Doyle, 190 Pa. 129; Zerbey v. Allan, 215 Pa. 383.

The rule of law that property described as abutting upon or bounded by a highway carries the title to the center thereof, has been applied in other states and in England to private ways or alleys: Freeman v. Sayre, 48 N. J. Law, 37 (2 Atl. Repr. 650); Lindsay v. Jones, 21 Nev. 72 (25 Pac. Repr. 297); Peck v. Denniston, 121 Mass. 17; Gould v. Eastern R. R. Co., 142 Mass. 85 (7 N. E. Repr. 543); Holmes v. Bellingham, 7 C. B. (N. S.) 329; Smith v. Howden, 14 C. B. (N. S.) 398.

If the grantor owns the whole of the bed of a highway and no land on the other side thereof, his conveyance of land on the highway will convey all the land within the highway limit: Tiffany on Real Property, 896; Taylor v. Armstrong, 24 Ark. 103; In re Robbins, 34 Minn. 99 (24 N. W. Repr. 356); Johnson v. Arnold, 91 Georgia, 659 (18 S. E. Repr. 370).

The appellees being the owners of all the lots abutting upon the alley and entitled to the use thereof had power to vacate it, as they did by deed of October 6, 1905: Kirkham v. Sharp, 1 Wharton, 323; Stevenson v. Stewart, 7 Philadelphia, 293; Patterson v. Railroad Co., 26 W. N. C. 327; Kieffer v. Imhoff, 26 Pa. 438; McCarty v. Kitchenman, 47 Pa. 239.

*H. O. & B. H. Evans, Watson & Freeman* and *Robert*

*Woods Sutton* filed a brief as amici curiæ for clients interested in similar pending suits in Allegheny county.

OPINION BY MR. JUSTICE POTTER, May 3, 1909:

This was an amicable action of ejectment, brought to recover possession of a strip of ground, three feet in width and eighty feet in depth, situated on the west side of Broad street, fifty-nine feet south of its intersection with South Penn square, in the city of Philadelphia. The parties agreed upon a case stated, which disclosed the following facts: On April 21, 1832, Robert A. Caldcleugh conveyed to various grantees, five lots of ground situated on South Penn square west of Broad street, each twenty feet in width, the corner lot and the three lots nearest to it being fifty-nine feet in depth and the westernmost lot sixty-two feet deep. Each of the first four lots was described in the deeds as extending "to a three feet wide alley laid out and opened by the said Robert A. Caldcleugh for the accommodation of this and other lots adjoining thereto and leading westward from the said Broad street to the depth of eighty feet." Each of the five deeds contained a grant of "the free use and privilege of the said three feet wide alley as and for a passageway and water course in common with the owners and occupiers of the said adjoining lots."

From the date of the deeds each of the owners of the lots continued to have, use and enjoy the free and uninterrupted use and privilege of the alley as and for a passageway and water course in common with the owners and occupiers of the other four lots.

On November 11, 1846, Robert O'Neill acquired title to the premises adjoining the alley on the south and on June 26, 1848, Caldcleugh conveyed to O'Neill the soil of the alley in fee, subject to the uses and privileges granted to the owners of the lots adjoining. On August 9, 1849, O'Neill conveyed to one Wickersham the premises south of the alley "together with the free and common use and privilege of the aforesaid three feet wide alley as and for a passageway and water course into and from Broad street at all times forever."

Subsequently, by various conveyances, three of the lots

next the corner originally granted by Caldcleugh became vested in the West End Trust Company and the other two lots, as well as the premises south of the alley, granted by O'Neill to Wickersham, became vested in the Girard Trust Company. Both companies made use of the soil of the alley in connection with buildings erected on their respective premises, and on October 6, 1905, they entered into an agreement with each other, "that the said alley be and the same is hereby abandoned and vacated." The plaintiffs are the heirs at law of Robert O'Neill, grantee of Caldcleugh by the deed of June 26, 1848, and the defendants are the West End Trust Company and the Girard Trust Company.

Upon the facts stated, the court below held that each of the grantees of Caldcleugh, under the four deeds of April 21, 1832, took a fee simple title to so much of the ground in dispute as lay immediately in the rear of the lot he bought, subject to an easement in the owners of the other lots, and that Caldcleugh parted with all his interest at that time, and no title to the soil of the alley passed by the deed of Caldcleugh to O'Neill on June 26, 1848. Judgment was entered on the case stated for the defendants, and the plaintiffs have appealed.

If the alley in question had been a public highway, the grantees of land bounded thereby would without doubt have taken the fee to the center of the highway, if the grantor owned such fee, and had used no language in his deed indicating an intention to retain the fee in the highway. In one of our latest cases bearing on this question, Willock v. Beaver Valley R. R. Co., 222 Pa. 590, our Brother ELKIN said (p. 595): "If the plan of lots in the present case had been laid out by an individual in precisely the same manner as the commonwealth had done, and lots had been sold with streets as boundaries, the title to the fee to the center of the streets would have passed to the purchaser. This is the rule of our cases from Paul v. Carver, 26 Pa. 223, to Neely v. Philadelphia, 212 Pa. 551."

We can see no good reason why the same rule should not apply to land which is conveyed as bounded by a private way. The doctrine was substantially adopted by this court, in Ellis

v. Academy of Music, 120 Pa. 608, where it was said (p. 623):
"Nor did the court err in charging that parties who are en-
titled to a free use of an alley, have the same right in it that
the public has in its highways, and that if the way in this case
were vacated, the soil would belong to the plaintiff and de-
fendant, as tenants in common. By the several grants to
these parties, their properties were not only bounded on the
alley in controversy, but it was made appurtenant to those
properties. Nothing, therefore, was left in the owner, and if
the fee did not vest in these grantees, it is hard to tell where
it is. The case is very much like that of Holmes v. Bellingham,
reported in 7 C. B. (N. S.) 329, in which Cockburn, C. J., says:
'The direction complained of is, that the learned judge told
the jury that there was a presumption in the case of a private
way or occupation road between two properties, that the soil
of the road belongs usque ad medium to the owners of the
adjoining property on either side. That proposition, subject
to the qualification which I shall presently mention, and which
I take it, was necessarily involved in what afterwards fell
from the learned judge, is in my opinion, a correct one. The
same principle which applies to a public road, and which is
the foundation of the doctrine, seems to me to apply with
equal force to the case of a private road.' As the doctrine
here stated seems to be reasonable and sound, we cannot
understand why we should not adopt it. It seems to be ad-
mitted that, were the alley public, its vacation would vest in
each of the parties the unincumbered one-half of the fee in
severalty, and why this should not apply to a private way,
where, just as in the case of a public way, by the grant it was
made appurtanent to the several properties, we cannot under-
stand." The reference above to the plaintiff and defendant as
being tenants in common of the soil in the alley in case it was
vacated, was probably a slip of the pen, as later in the opinion
it is stated that vacation would vest in each of the parties,
one-half of the fee in severalty.

In Rice v. Clear Spring Coal Co., 186 Pa. 49, the rule which
was approved by this court was thus stated: "When the
boundary given in a deed has physical extent, as a road, street,

or other monument having width, courts will so interpret the language of the description, in the absence of any apparent contrary intent, as·to carry the fee of the land to the center line of such monument." And in Schmoele v. Betz, 212 Pa. 32, a case which involved the use of a private alley, the doctrine was again cited with approval, that, in case of vacation, the rule which applies to a public highway is to be applied as between parties entitled to the use of a private alley.

In some of our cases, the language used appears to sustain the contention of appellants, that there is a distinction between a call for a public highway as a boundary, and a private street or alley, so designated. But we think upon examination that these decisions were not intended to go further, than to hold that where land is conveyed as bounded by an unopened street, the grantee takes the fee only to the side line of the street, with an easement over its bed. Thus in Cole v. Philadelphia, 199 Pa. 464, the deed called for a street which was unopened, and it was held that the call for an unopened street as a boundary only conveyed the title to the side of the street and not to the middle thereof. In Clymer v. Roberts, 220 Pa. 162, the deed called for "the middle line of Howard street fifty feet wide; thence along the middle line of said Howard street." Howard street was at the time an unopened street, but it was held that the purpose of making the boundary to be the middle line of the street was to vest the fee in the grantee as far as the center line, notwithstanding the fact that the street was at the time unopened. In Robinson v. Myers, 67 Pa. 9, where the rule with regard to unopened streets seems to have been first laid down, this distinction is expressly made. Justice WILLIAMS, after stating the doctrine of Paul v. Carver, 26 Pa. 223, and Cox v. Freedley, 33 Pa. 124, said, with reference to the case then before him: "But in this case there was no alley or street by which the lots were bounded. The recorded plan which is to be taken as a part of the defendant's title shows that the ground in question is a lot, and not a street. And it is admitted that no alley was ever laid out over the lot, or ever used by the public or by private individuals. There is then no ground or reason for the application of the

rule laid down in Paul v. Carver, to this case." The case of O'Linda v. Lothrop, 38 Mass. 292, cited in Robinson v. Myers, and also by Justice MERCUR in Spackman v. Steidel, 88 Pa. 453, relied on by appellants, was also a question of an unopened street. MORTON, J., said (p. 296): "The street did not then exist in actual use, but only in contemplation." The decision there seems to have gone upon the ground that the deeds showed an intention by the grantor to exclude the fee of the street from the grant.

In the present case the language of the deeds from Caldcleugh, as set forth in the case stated, shows that at the time of the conveyances the alley was already "laid out and opened by the said Robert A. Caldcleugh;" and it further appears from the case stated that after the conveyances were made the owners of the lots continued the use of the alley, and it was not abandoned or vacated until October 6, 1905, a period of over seventy-three years. So that the facts of this case distinguish it clearly from Robinson v. Myers, supra, and the subsequent cases relating to unopened streets and highways. When Justice MERCUR, in delivering the opinion of this court, in Spackman v. Steidel, 88 Pa. 453, said: "Where the street called for a boundary is not a public highway, nor dedicated to public use the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way only over the lands," and then cites the cases which we have above referred to (O'Linda v. Lothrop, and Robinson v. Myers), we think it is apparent that he had in mind cases where the deed called for a street that was unopened, as the two cases which he cites had reference to such unopened streets.

The authorities are uniformly to the effect that the question of whether the grant includes the fee to the bed of the highway, is one of intention. The grantor in the present case did not expressly except from his conveyances the fee of the alley in the rear of the lots conveyed, and it is hardly reasonable to suppose that he intended to reserve a strip at the end of the four lots, three feet wide and eighty feet long, which he was subjecting to easements which, so long as claimed by the

grantees, would prevent him from making any beneficial use of the fee in the strip. We think it is apparent that Caldcleugh in 1832 intended to part with his entire interest in the property, and that the alley was laid out and opened as stated in his deeds "for the accommodation of this and other lots adjoining thereto." It will be recalled that the westernmost lot, No. 5, was described as being sixty-two feet in depth, and that Caldcleugh did not reserve the three feet at the rear of that lot. If he had intended to reserve to himself the fee in the alley, he would naturally have reserved the same space in the rear of lot No. 5. But he evidently conveyed that lot to its full depth because, as it was at the head of the alley, access could be had thereto without any such reservation. Neither the language of the deeds nor the situation of the ground, nor the circumstances connected with the conveyances, indicate any intention on the part of Caldcleugh to retain the fee to the bed of the alley, when he made the conveyances in 1832.

The assignments of error are overruled, and the judgment is affirmed.